Patrick M. Flatley
United States Bankruptcy Judge
**Dated: Friday, August 11, 2006 3:44:56 PM**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY SCOTT BOYD | ) | BK. NO. 04-4296 |
| and | ) | |
| TAWNYA DAWN BOYD, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| THOMAS H. FLUHARTY, | ) | AP. NO.  05-79 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOUSEHOLD AUTOMOTIVE FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

HSBC Automotive Finance, f/k/a Household Automotive Finance ("HSBC"), seeks relief from the default judgment entered in this case on September 15, 2005, pursuant to the "excusable neglect" standard of Fed. R. Civ. P. 60(b)(1), as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.  The Chapter 7 trustee, Thomas H. Fluharty (the "Trustee"), opposes the motion on the grounds that HSBC has not met the applicable standard to vacate the courts's default judgment.

For the reasons stated herein, the court will deny the motion.

### I.  BACKGROUND

On November 1, 2004, Anthony Scott Boyd and Tawnya Dawn Boyd (the "Debtors") purchased a 2004 Chevy Classic.  HSBC financed the purchase and noted its interest on the vehicle's

1

certificate of title on November 16, 2004.  When the Debtors filed their Chapter 7 bankruptcy on December 8, 2004, the Trustee made one written attempt and two attempts by telephone to obtain a copy of the security agreement that granted HSBC an interest in the vehicle.[1]  When the Trustee did not receive a copy of the security agreement, he filed an adversary proceeding against HSBC on May 9, 2005, to avoid the lien of HSBC on the vehicle as being a preferential transfer under 11 U.S.C. § 547.

The Trustee served the adversary complaint on The Ramsey Law Firm, Corporation Department, in Arlington, Texas, by certified mail and the return receipt shows that the mailing was received by The Ramsey Law Firm on May 26, 2005.[2]   HSBC missed its June 10, 2005 answer deadline.  On September 13, 2005, the Trustee filed his motion for default judgment, which was also served on The Ramsey Law Firm, and the court subsequently entered the default judgment.

Notwithstanding entry of the default judgment, the Debtors continued making payments to HSBC until April 2006.  Over eight months after entry of the default judgment, on June 2, 2006, the Trustee file a motion to sell the Debtors' 2004 Chevy Classic.  On June 29, 2006, HSBC objected to the proposed sale on the basis that it had a properly perfected security interest in the vehicle.

## II.  DISCUSSION

HSBC argues the September 15, 2005 default judgment against it should be vacated on the basis that the servicer of its loan Ascension Capital Group, LLC ("Ascension"), "through inadvertence and mistake failed to respond to the complaint," and that the procedures it had in place, while sufficient to avoid the problem, were not followed in this case.  At most, HSBC contends, its "failure to respond was negligent or careless, not willful."

The Trustee, however, argues that HSBC has failed to meet the standards for proving a case of

---

[1] According to the affidavit submitted by the Trustee, he sent The Ramsey Law firm a letter on January 31, 2005, made a telephone call on February 10, 2005, and a telephone call on March 31, 2005, requesting lien documentation.  Despite representations that the loan documents showing HSBC's secured interest in the 2004 Chevy Classic would be forthcoming, the Trustee never received them.

[2] On December 21, 2004, The Ramsey Law Firm requested that all pleadings and correspondence served or required to be served in the case regarding HSBC be directed to its Arlington, Texas address.

excusable neglect.  The Trustee states that HSBC received at least three communications from him

inquiring about the existence of documentation to support its purported secured claim in the 2004

Chevy Classic before he filed this adversary proceeding.  Also, HSBC received notice of the

complaint, a summons from the court setting the answer deadline and a pre-trial conference, notice of

the motion for default, and notice of the default judgment.  In total, the Trustee estimates that nearly

eight months passed from his first contact with HSBC to when the court entered the default judgment,

and an additional nine months before HSBC requested relief from the court's judgment.

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 9024,

allows a judgment to be vacated for, among other reasons, mistake, inadvertence, or excusable

neglect.[3]

In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) the

Supreme Court defined excusable neglect.  "Neglect" means "'to give little attention or respect' to a

matter . . . 'to leave undone or unattended to es[pecially] through carelessness'" *Id.* at 388 (citation

omitted).  "The word therefore encompasses both simple, faultless, omissions to act, and more

commonly, omissions caused by carelessness."  *Id.*  Making the determination that neglect is excusable,

"is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's

omission."  *Id.* at 395.  Factors that a court should consider include: "the danger of prejudice to the

debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in

good faith."  *Id.*  Although excusable neglect is an elastic concept, it does not usually constitute

inadvertence, ignorance of the rules, or mistakes construing the rules.  *Id.* at 392.

In this case, HSBC received at least five communications from the Trustee between January

---

[3] The Fourth Circuit requires a litigant to establish four threshold showings before the court may
address the merits of a Rule 60(b) motion, which are: " 'timeliness, a meritorious defense, a lack of
unfair prejudice to the opposing party, and exceptional circumstances.' " *Dowell v. State Fire & Cas.
Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).  Because the court concludes that HSBC is not
entitled to relief under 60(b) based on the merits of its claim, the court finds it unnecessary in this case
to address these threshold showings, and will assume, without finding so, that HSBC could meet this
burden.

2005 and September 2005 regarding the status of its loan documentation before the court entered default judgment against it.[4]  HSBC did not follow through on the Trustee's informal requests for documentation and never responded to the Trustee's adversary proceeding despite receiving proper notice.  In addition to communications sent by the Trustee, it received a summons from the court detailing the answer deadline and a date for the pre-trial conference.  Likewise, it received notice of the court's entry of default judgment.  HSBC's only excuse is that its internal procedures for responding to litigation in this case were not followed – not just once, but multiple times.  In total, HSBC had at least seven notices of the Trustee's allegations and it failed to adequately respond to any of them.  While HSBC's conduct constitutes neglect, that neglect is not excusable.  *See, e.g*, *Point PCS, LLC v. Sea Haven Realty & Constr.*, 95 Fed. Appx. 24 (4th Cir. 2004) (affirming the denial of a Rule 60(b)(1) motion to vacate a default judgment when Point PCS acknowledged receipt of all pre-default pleadings and communications but did not act upon them); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (determining that excusable neglect was not present despite the existence of a meritorious defense when a complaint was received, but not responded to on the basis that it inexplicably disappeared from the defendant's mail room; to hold otherwise "would be to allow defaulting defendants to escape the consequences of their inaction simply by asserting that the legal process to which they failed to respond was lost."); *UMW v. Banner Coal & Land Co.*, No. 04-154, 2006 U.S. Dist LEXIS 28025 at *6-7 (S.D. W. Va. May 9, 2006) (holding that excusable neglect is not present when a defendant receives a complaint but fails to answer on the basis that the defendant could not recall what became of the complaint and that it never came to the attention of the defendant's officers).

### III.  CONCLUSION

For the reasons set forth above, the court will deny  HSBC's Rule 60(b)(1) motion for relief

---

[4] In addition to the letter and two telephone calls detailed in footnote 1, the Trustee served a copy of the complaint on HSBC, which was received by The Ramsey Law Firm on May 26, 2005, and a copy of the Trustee's motion for default judgment, which was mailed on September 12, 2005.

from judgment.

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.